UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>LUKUS MCGHEE,<br><br>Defendant. | Case No. 25-mj-30768<br>Honorable Shalina D. Kumar<br>Magistrate Judge Curtis Ivy, Jr. |

**OPINION AND ORDER REVERSING MAGISTRATE JUDGE'S ORDER SETTING CONDITIONS OF RELEASE AND ORDERING DEFENDANT DETAINED PENDING TRIAL**

The government appeals the magistrate judge's order for bond. ECF No. 9. Defendant Lukus McGhee ("McGhee") filed a brief in response to the government's appeal. ECF No. 13. For the reasons that follow, the Court vacates the magistrate judge's bond order, and grants the government's request to order McGhee be detained pending trial.

I.  **Background**

On December 18, 2025, a complaint was sworn before the assigned magistrate judge alleging McGhee violated 18 U.S.C. § 2114(a) (assault with intent to rob property of the United States) and 18 U.S.C. § 111(a)(1)

(assaulting, resisting, or impeding certain officers or employees). ECF No. 1. According to the allegations set forth in the complaint, on December 16, 2025, McGhee approached a United States Postal Service employee ("Jane Doe" or "Jane") while she was in the performance of her official duties and asked if she had a check McGhee was expecting. *Id.* at PageID.3, 4. When Jane stated she did not have the check, McGhee became upset, removed Jane's glasses and tossed them across the yard, and began punching her repeatedly in the face. *Id.* He then grabbed Jane's USPS-issued "dog spray from her and sprayed her more than once with it." *Id.* After spraying Jane, McGhee took her USPS-issued mail satchel and scanner, along with her wallet and cell phone.

A warrant was issued for McGhee's arrest, and a detention hearing was held on December 18, 2025 before the magistrate judge on duty. At the hearing, the government indicated that Pretrial Services (PTS) recommended McGhee be detained pending trial and that it concurred with the PTS officer's recommendation. The government asserted that McGhee poses both a risk to the community and there is a risk of nonappearance given McGhee's lack of ties to the community, potential ties to Pennsylvania, his current use of methamphetamines, his untreated mental

health issues, and his history of violent behavior. Defense counsel argued McGhee should be released because the assault was not an assault with a weapon, McGhee's prior convictions are two decades old, and he should not be punished for his mental health and substance abuse issues.

The magistrate judge ultimately found that the government did not meet its "burden to show (a) by a preponderance of the evidence that there is no condition or combination of conditions which will reasonably assure [McGhee's] appearance; and (b) by clear and convincing evidence that there is no condition or combination of conditions which will reasonably assure the safety of the community," ECF No. 3, PageID.8, and ordered that McGhee be released on a $10,000 unsecured bond with conditions. These conditions included location monitoring, home detention, and mental health treatment. The magistrate judge stayed his decision pending the government's appeal, and the Court has since extended that stay pending its review and decision in this matter. *See* ECF Nos. 3,10.

The parties have fully briefed the government's emergency motion to extend the stay of order of pretrial release and to revoke order of McGhee's pretrial release. ECF Nos. 9, 13, 15.

II.   **Standard of Review**

Under 18 U.S.C. § 3145(a)(1), the government may seek review of a magistrate judge's release order. The Court reviews the appeal *de novo. United States v. Williams,* 948 F. Supp. 692, 693 (E.D. Mich. 1996); *see also United States v. Yamini,* 91 F. Supp. 2d 1125, 1127 (S.D. Ohio 2000) (collecting cases). The Court "may conduct its review and base its decision on the evidence presented to the magistrate at the detention hearing." *United States v. Abrego*, 792 F. Supp. 3d 869, 878 (M.D. Tenn. 2025) (citation omitted). And "in its discretion, [the Court] may also consider proffer testimony and order an additional evidentiary hearing if necessary." *Id.* (citing *United States v. Stone,* 608 F.3d 939, 948 (6th Cir. 2010)); *see also United States v. Henson*, 2023 WL 5034472, at *1 (D. Kan. Aug. 8, 2023) ("Nothing in § 3145(a) requires a public hearing on a motion for revocation of a release order, and as the court indicated in its prior order, case law holds that a district court has discretion in determining whether any further hearing is necessary.").

Accordingly, after reviewing the parties' briefing on this matter, the PTS bail report, the audio of the hearing before the magistrate judge, and the evidence presented to the magistrate, the Court exercises its discretion to determine this motion without an additional hearing.

A defendant may be detained pending trial only if the Court "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person in the community[.]" 18 U.S.C. § 3142(e). "A judicial officer's finding of dangerousness must be supported by clear and convincing evidence." *United States v. Stone,* 608 F.3d 939, 945 (6th Cir. 2010) (citing 18 U.S.C. § 3142(f)(2)(b)).

"The default position of the law ... is that a defendant should be released pending trial." *Id.* Generally, in order for a defendant to be detained, the government must establish the (1) "risk of flight by a preponderance of the evidence" or (2) "dangerousness to any other person or the community by clear and convincing evidence." *United States v. Hinton*, 113 F. App'x 76, 77 (6th Cir. 2004). Pre-trial detention shall be ordered only if a judicial officer "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e)(1).

In determining whether there are conditions which will reasonably assure the appearance of the person and the safety of the community, the

district court must make findings based on the following factors: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the person; and (4) the nature and seriousness of the danger posed by the person's release. 18 U.S.C. § 3142(g). As explained below, the Court finds that all of these factors weigh in favor of detention.

### III. Discussion

#### A. Nature and Circumstances of the Offenses Charged

In assessing the Section 3142(g) factors, the Court first considers the nature and circumstances of the charged offenses. 18 U.S.C. § 3142(g)(1). As noted above, McGhee is alleged to have launched an unprovoked assault and robbery against a mail carrier while she was in the performance of her official duties. After hearing that the mail carrier did not have the check he had been waiting for, McGhee repeatedly punched her in the face, took her USPS-issued dog spray and sprayed her in the eyes with it, then stole several of her personal and USPS-issued items from her possession and out of her vehicle. ECF No. 1, PageID.5, ¶9. The brutality and violence inflicted by McGhee is demonstrated by the photographs of Jane Doe's injuries. ECF No. 15, PageID.63. There is no question that

these offenses are serious in nature and involve circumstances that endanger the community. This factor weighs in favor of detention.

### B. The Weight of the Evidence Against McGhee

In these circumstances, the weight of the evidence against McGhee relates to the weight of the evidence of dangerousness, not the weight of the evidence of guilt. *Stone*, 608 F.3d at 948. During the United States Postal Inspection Service's investigation, inspectors interviewed a witness who was present and witnessed part of the altercation between McGhee and Jane. This witness stated they saw McGhee kick Jane as she had "turned away in an attempt to remove herself from the situation." ECF No. 1, PageID.5, 6. Another one of McGhee's neighbors told Flint Police that McGhee threw Jane Doe's USPS-issued scanner at her front door. *Id.* at ¶¶11, 12.  Furthermore, during a discussion with Flint Police Department personnel, McGhee admitted to hitting Jane. *Id.*

Another notable fact brought before the magistrate judge at the detention hearing is that one of McGhee's neighbors told Flint Police that he was yelling and erratically discharging a firearm in the vicinity just two days before the instant offense occurred. ECF No. 15, PageID.72. Although the government initially told the magistrate judge that it was not aware if the

neighbor had reported this incident to police, it now states that the neighbor did call 911 about the gunshots and obtained the audio from that call. *Id.* The call transcript purportedly reveals that "the caller's daughter and granddaughter were stuck outside in the backseat of their car and scared to move while the shots rang out." *Id.*

McGhee's criminal history, including armed robbery and unlawful imprisonment, major misconducts he received in prison for assault resulting in serious physical injury of another prisoner, and the recent escalation of erratic, violent behavior in and around his home is further evidence of dangerousness. This second factor weighs in favor of detention.

**C. History and Characteristics of McGhee**

As noted, McGhee is no stranger to the criminal justice system. PTS reported that he has five prior arrests, and two convictions for serious offenses. McGhee's 2008 armed robbery/unlawful imprisonment conviction involved him and his brother entering a Game Stop store shortly before closing, pointing a long gun at the store manager and demanding he open the safe, striking a security guard in the head with the long gun, and ordering another employee at gun point to empty the cash register. McGhee also received seventeen major misconducts during his

incarceration, including possession of stolen property/theft, possession of a weapon, assault resulting in serious physical injury of a prisoner, possession of dangerous contraband, and sexual misconduct involving prisoner/prisoner contact.

Also troubling is McGhee's lack of employment and familial and community ties, family living out of state, a history of mental illness, and use of illicit drugs. As reported by PTS, McGhee has only had one job in the last five years which lasted approximately 6 to 8 months. Additionally, he has a history of homelessness, reported living in Flint for only eighteen months, and was unable to provide the name of anyone to serve as a third-party custodian. In addition to minimal community ties, there is also evidence that McGhee presents a risk of nonappearance. For example, McGhee was paroled to Pennsylvania in 2020, and lived with his brother, James McGhee, in Allentown, Pennsylvania for about two years prior to living in Flint. Although McGhee denies having ties to Pennsylvania, his brother is still believed to live there.

Further exacerbating matters are his diagnoses of a personality disorder, bi-polar disorder, and schizophrenia – for which he is prescribed medication but is currently not taking. McGhee has been admitted to the

local hospital on multiple occasions for mental health crises. He has a history of self-harm, and has attempted to commit suicide by jumping off of houses and walking in front of cars. Additionally, McGhee tested positive for marijuana, methamphetamines, and amphetamines prior to his appearance before the magistrate judge. McGhee's lack of family or community ties, failure to take his prescribed medications for his diagnosed psychiatric conditions, drug use, history of suicide attempts, and ties to family out of state present the risk of dangerousness and non-appearance. This factor favors detention.

### D. The Nature and Seriousness of the Danger to Any Person or the Community.

The nature and seriousness of the danger to any person or the community that would be posed by McGhee's release weigh strongly in favor of detention.  He is alleged to have, unprovoked, violently assaulted a postal worker after hearing she did not have a check he had been waiting for, stole her mail bag and scanner, and searched her USPS vehicle. His actions have likely resulted in very real and damaging consequences for his victim, in addition to other postal workers that must deliver mail to his residence. These factors, along with McGhee's criminal history, use of methamphetamines, and currently untreated mental health issues, weigh in

favor of detention. Indeed, McGhee's erratic behavior makes him a danger to his neighbors and other postal workers—who have no choice in their proximity to McGhee's residence—and the Court fails to see how home detention and electronic monitoring will reasonably assure the community's safety when McGhee's charged offenses occurred at that same location.

### IV. The Emergency Stay of Magistrate Judge Ivy's Release Order

McGhee argues that the government lacks standing because it did not argue any of the *Nken* factors in requesting the stay and that his due process rights were violated by having the stay granted. ECF No. 13, PageID.28 (citing *Nken v. Holder*, 556 U.S. 418, 434 (2009)). The record reflects that the Court did consider those factors in its order granting the stay, even though it did not discuss each factor in detail. ECF Nos. 9, 10.

In determining whether a stay is warranted, courts apply the four-factor test set forth in *Nken,* 556 U.S. at 434; *see also United States v. McGowan*, 2020 WL 3867515, *1 (6th Cir. July 8, 2020). Those factors are: "(1) whether the movant 'has made a strong showing that he is likely to succeed on the merits'; (2) whether the movant 'will be irreparably injured absent a stay'; (3) whether issuance of a stay will 'substantially injure' other interested parties; and (4) 'where the public interest lies.' " *Id.* at *1 (citing

*Nken*, 556 U.S. at 434). The first two factors "are the most critical." *Id.* at 434. "While the party seeking a stay need not always establish a high probability of success on the merits, the party is still required to show, at a minimum, serious questions going to the merits." *Luxshare, Ltd. v. ZF Auto. US, Inc.*, 15 F.4th 780, 783 (6th Cir. 2021) (internal quotations omitted). The government, "as the movant[ ], bear[s] the burden of showing that a stay is warranted under the circumstances." *Memphis A. Philip Randolph Inst. v. Hargett*, 977 F.3d 566, 568 (6th Cir. 2020) (citing *Nken*, 556 U.S. at 433-34).

The government made a strong showing of likelihood of success on the merits. Its argument before the magistrate judge and its supplemental briefing explained the nature and circumstances of the charged offenses, his prior criminal history and recent erratic behavior, and explained that Pretrial Services recommended McGhee's detention pending trial due to his dangerousness. ECF No. 9.

Moreover, to the second and fourth factors, the government has a compelling interest in public safety. Indeed, the public—and by extension, the government—would be irreparably injured absent a stay. The government sought McGhee's detention based on his conduct in this case

and the Court concluded—after reviewing the record—that good cause existed to maintain defendant's detention pending the government's appeal. ECF No. 10. The government raised suspicion that defendant—who is charged with the assault and robbery of Jane Doe and was allegedly firing a gun into the air just two days prior—could continue or escalate his assaultive behavior if released under the magistrate judge's order, which confines him to his home and electronic monitoring. The conditions imposed do little to remedy McGhee's dangerousness, as his charged offenses and other erratic behavior occurred at his home. Thus, these circumstances show that McGhee poses a risk to the community, and the public interest favors ensuring community safety. Any potential harm to McGhee is outweighed by the risk of harm to the public.

Lastly, the Court recognizes that issuing the stay has harmed McGhee because he has remained detained during this period. However, this harm may be mitigated because any period of pretrial detention will be credited toward his sentence if he is ultimately convicted. *United States v. Bothra*, 2019 WL 9077345, at *1 (E.D. Mich. Feb. 12, 2019).

Whether or not the Court cited *Nken* in granting the temporary stay is immaterial; the Court considered and applied the relevant factors, which

are satisfied here. *See McGowan*, 2020 WL 3867515, at *3 ("Although the district court here did not cite this test, it generally considered these factors."). Considering the four *Nken* factors together, a stay was warranted to allow time for a de novo review of the magistrate judge's release order.

V.   Conclusion

Based on its *de novo* review, the Court concludes the government has established by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of any other person or the community. In reaching this decision, the Court has considered whether there are any measures that can be put in place to protect the public. As previously stated, home confinement and electronic monitoring cannot reasonably assure the safety of other people and the community because the crimes McGhee is charged with occurred at and/or around his home.

For these reasons, the Court **VACATES** the magistrate judge's order setting conditions of release. The Court **REMANDS** McGhee to the custody of the United States Marshals to be held pending trial.

**IT IS SO ORDERED.**

s/ Shalina D. Kumar  
SHALINA D. KUMAR  
United States District Judge

Dated: December 23, 2025